IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARLAND MILER, | : | |
| | : | 1:11-cv-720 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

### **June 6, 2012**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 31), filed on April 26, 2012 which recommends that we grant the United States of America's Motion to Dismiss (Doc. 12) for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff Garland Miller ("Plaintiff") filed objections to the R&R (Docs. 33-34) to which the Defendant responded. (Doc. 37). Accordingly, this matter is ripe for our disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety, grant the United States' Motion, and close this case.

**I.     BACKGROUND**

On April 15, 2011, Plaintiff, who was formerly confined as a prisoner at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood) filed the instant civil complaint.[1]  Plaintiff asserts a claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, alleging that he was injured due to the negligence of employees of the United States.  Specifically, Plaintiff claims that he was injured when climbing down from the top bunk in his housing unit because he was not provided with a ladder but was forced to use a stool that was marked as "No Step."  Plaintiff suffered a knee injury and ultimately underwent a surgical procedure to correct a torn meniscus in his knee. Plaintiff claims that despite being prescribed Celebrex by his treating orthopedist, prison doctors would not give him that drug.

On January 4, 2010, Plaintiff submitted an administrative claim to the Tort Claims Division of the Bureau of Prisons ("BOP").  Rather than fill out the pre-printed form, Plaintiff attached what is essentially a civil action complaint describing not only the bunk bed incident but also seeking recompense for a lengthy list of other physical conditions suffered by Plaintiff for which he was allegedly not being treated appropriately by BOP physcans.  On May 4, 2010, the Northeast Regional Office of the BOP responded to the Plaintiff by letter,

---

[1] Plaintiff has since been released from custody and resides in Louisiana.

indicating that the office had received Plaintiff's administrative claim arising out of the incident, but that the claim was being rejected because it involved separate incidents and, pursuant to BOP policy, each incident must be filed separately for consideration. The letter indicated that Plaintiff could resubmit the claims but that each claim must be filed separately. Plaintiff never did so.[2] The filing of this action followed.

On October 31, 2011, the United States filed a Motion to Dismiss, or in the Alterative, for Summary Judgment. (Doc. 12). After the Motion was briefed, Magistrate Judge Smyser issued the instant R&R recommending that the Motion be granted and that this case be dismissed due to Plaintiff's failure to exhaust his administrative remedies.[3] As noted above, Plaintiff objects to the Magistrate Judge's recommendation, arguing that his analysis on the exhaustion of administrative remedies was incorrect. We shall now scrutinize the Plaintiff's objections.

## II.   STANDARD OF REVIEW

---

[2] Plaintiff attached the above-referenced documents to his complaint. (Doc. 1). Further, Plaintiff admits that within his complaint that he did not respond to the BOP's May 4, 2010 letter. (Doc. 1, p. 29).

[3] Plaintiff also filed a "Motion to Oppose Dismissal or Summary Judgment," which essentially is a re-hash of his arguments in opposition to the Defendant's Motion to Dismiss, or alternatively for Summary Judgment. (Doc. 28).

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Magistrate Judge Smyser recommends that Plaintiff's action be dismissed because Plaintiff failed to exhaust his administrative tort claim prior to bringing his FTCA complaint in this Court. As such, the Magistrate Judge concludes that this Court lacks subject matter jurisdiction to hear the claim.[4] We agree.

As discussed above, Plaintiff did file an initial complaint to the Tort Claims Division of the BOP. However, and as previously noted, by letter dated May 4,

---

[4] Plaintiff does not dispute that the FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable jurisdictional prerequisite to filing suit in federal court. 28 U.S.C. § 2675(a).

2010, the BOP's Northeast Regional Office *rejected* the claim and informed the Plaintiff that separate claims needed to be presented separately and that Plaintiff was permitted to re-submit his claims in the appropriate format.  Again, Plaintiff never did so.

Plaintiff contends that his claim was exhausted administratively because the BOP did not take action on the claim after having it for six months.  Thus, Plaintiff argues that, pursuant to 28 U.S.C. 2675(a), a final denial of his claim can be presumed due to the agency's inaction.[5]  We disagree with Plaintiff's argument for the following reasons.

One of the salutary purposes of the FTCA's exhaustion requirement is to permit a claimant an opportunity to gain relief from the agency prior to the filing of a federal civil action in an effort to avoid litigation.  The "claim" that Plaintiff submitted to the BOP was simply not an administrative claim envisioned by the FTCA. The document provided to the BOP was instead a civil action complaint that contained various and wide-reaching allegations about negligent medical care and other misconduct by prison officials.  It was hardly an administrative claim, but rather an actual unfiled lawsuit.  Whether this was an attempt to "jump the

---

[5] The salient portion of that section reads "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."  28 U.S.C. § 2675(a).

line" and head straight to federal court six months after its submission we cannot know, but to condone the Plaintiff's conduct here would invite other claimants to frustrate the intent of the FTCA's exhaustion requirement by filing drafts of their civil action complaints as administrative claims, in hopes the agency would reject them, permitting the claimants to argue that a final determination could be deemed under 28 U.S.C. § 2675(a).  We shall not accept this invitation to so torture the statute and the process mandated thereby.  This is a particularly apt conclusion where, as here, the Plaintiff conflates multiple claims within his complaint and seeks to compel the Tort Claims Division of the BOP to sort them out on its own.

     Accordingly, based on the foregoing reasons, we shall adopt the Magistrate Judge's recommendation that the Motion be granted and that this matter be dismissed for lack of subject matter jurisdiction.  An appropriate Order shall issue.